UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROMON CALHOUN,

    Plaintiff,

    v.

CITY OF HERCULES POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 14-cv-01684-VC

**ORDER VACATING HEARING AND DISMISSING COMPLAINT AGAINST THE CITY OF HERCULES WITH LEAVE TO AMEND**

Re: Dkt. No. 5, 11

    Plaintiff Ramon Calhoun has filed a civil rights action against the City of Hercules Police Department, as well as Hercules police officers Dwayne Collard and Robert Pesmark. He alleges the officers arrested and detained him without probable cause, based on an "unfounded" report by a Contra Costa County welfare fraud investigator that Calhoun threatened the investigator with a gun. The City of Hercules has filed a motion to dismiss, and has noticed a hearing for June 5, 2014. That hearing is VACATED, and the motion to dismiss is GRANTED, with leave to amend.

    With respect to Calhoun's claims against the Hercules Police Department, a city is not liable for the unlawful conduct of its employees unless the employees were implementing an official policy, or acting in accordance with an official custom, when they engaged in the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). Calhoun's Complaint does not allege that the officers who arrested him did so pursuant to a departmental policy or custom of handling arrests -- or this type of arrest -- in a particular manner.

    With respect to the claims against the two individual police officers, Calhoun alleges that the County welfare fraud investigator (to whom Calhoun refers as "Mr. Chan") filed his "unfounded" report as part of a scheme Mr. Chan was pursuing as a welfare fraud investigator. Although Calhoun has not served the individual police officers, and therefore they do not join in this motion to dismiss, because Calhoun is proceeding *pro se* the Court notes that Calhoun's allegation is insufficient to state a claim against the officers. Had they been served and joined the

motion to dismiss, the Complaint would have been dismissed against them as well. Even if Calhoun were correct that Mr. Chan's report was unfounded, the Complaint does not allege that the officers were aware of that. Probable cause is measured with reference to the information the officers possessed at the time of the arrest, and officers are entitled to rely on the reports of witnesses so long as there are no objective indicators that those reports are unreliable. *See Garcia v. Cnty. of Merced*, 639 F.3d 1206, 1209 (9th 2011). Moreover, if Mr. Chan is a county welfare fraud investigator, as alleged in the Complaint, he is not employed by the City of Hercules; rather, he is employed by the County of Contra Costa, which is a separate governmental entity. Neither the City of Hercules nor its individual officers can be liable for an unlawful scheme undertaken by an employee of another governmental entity, unless they participated in that scheme (which Calhoun does not allege).

Also with respect to the individual police officers, Calhoun alleges they lacked probable cause because, although they arrested him for violating California Penal Code Section 69 -- deterring an "executive officer" from performing his duties -- they had no reason to believe Mr. Chan falls within the definition of "executive officer." Calhoun's argument seems to rest on the assumption that Mr. Chan must be a police officer to fall within the scope of Penal Code Section 69, but that is incorrect, because there are many executive officers who are not police officers. *See, e.g., In re Manuel G.*, 16 Cal.4th 805, 814 (1997).

Accordingly, Calhoun's Complaint against the City of Hercules is dismissed. The Complaint does not include factual allegations that would give rise to a claim for municipal liability. Although Calhoun's opposition brief does not explain how he could amend his Complaint to allege facts sufficient to state a claim, he is proceeding *pro se*. Therefore, Calhoun will be allowed to amend his Complaint against the Hercules Police Department, if he believes in good faith that he can include allegations that would give rise to a claim for municipal liability. If Calhoun wishes to file an amended complaint, he must do so within 30 days of the date of this order, which is **June 30, 2014**. If he does not file an amended complaint by that date, the case against the City of Hercules will be dismissed with prejudice, which means that Calhoun will no longer have the right to pursue a claim for municipal liability against the City based on his arrest

and detention in this case.

Furthermore, if Calhoun wishes to pursue his claims against police officers Dwayne Collard and Robert Pesmark, he is ordered to serve them in accordance with Federal Rule of Civil Procedure 4.  If Calhoun chooses not to amend his Complaint and instead wishes to proceed against the individual officers under the current Complaint, he must serve the officers within 120 days of the date the case was removed to federal court, which is **August 11, 2014**.  If Calhoun chooses to amend his complaint, he must serve the officers within 120 days of filing the amended complaint.  If Calhoun does not serve the defendant officers in accordance with the Federal Rules of Civil Procedure, the Court will dismiss his complaint against them.  Calhoun should contact counsel for the City of Hercules to determine if the City will accept service on behalf of the individual officers.  The Court urges the City of Hercules to cooperate with Calhoun on the matter of service.

**IT IS SO ORDERED.**

Dated:  May 30, 2014

_____
VINCE CHHABRIA
United States District Judge