UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROMON CALHOUN,

   Plaintiff,

  v.

CITY OF HERCULES POLICE DEPARTMENT, et al.,

   Defendants.

Case No. 14-cv-01684-VC

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS; GRANTING MOTION TO STRIKE**

Re: Dkt. No. 24

## INTRODUCTION

Plaintiff Romon Calhoun has filed suit against the City of Hercules Police Department and two Hercules police officers, Officer Dwayne Collard and Detective Robert Pesmark, alleging that he was arrested without probable cause, that the police conducted an illegal search of his car, and that the City of Hercules has illegally refused to return his firearm. The Court previously dismissed Calhoun's claims against the City of Hercules Police Department and the individual officers, but granted Calhoun leave to amend.[1] (Docket No. 18). In his First Amended Complaint, Calhoun has added new claims; he now alleges (1) a false arrest by Officer Collard, in violation of 42 U.S.C. § 1983 and the Fourth Amendment; (2) unlawful search of his car, in violation of 42 U.S.C. § 1983 and the Fourth Amendment, with the allegation that Detective Pesmark searched

---

[1] At the time of the Court's May 30, 2014 Order, Calhoun had not actually served the individual police officers, so they did not join in the Motion to Dismiss. However, in its Order the Court indicated that had Calhoun served the officers the Court would have dismissed the claims against them.

Calhoun's car before receiving a warrant; (3) unlawful search of his car on the ground that Detective Pesmark gave a false statement to the superior court judge to procure the warrant; (4) violation of his Fourteenth Amendment due process rights; (5) conspiracy to interfere with his civil rights, in violation of 42 U.S.C. § 1985(3); (6) failure to prevent a conspiracy to violate his civil rights, in violation of 42 U.S.C. § 1986; and (7) failure to return his firearm, in violation of California Penal Code §§33855 and 33885. Calhoun's First Amended Complaint also contains far more detailed factual allegations than his original complaint, most of which appear to be taken from two reports, one provided by Mr. Chan, the welfare fraud investigator whose encounter with Calhoun led to Calhoun's arrest, and the other from Officer Collard, who arrested Calhoun. Because Calhoun has now alleged facts making it plausible he was arrested without probable cause, the motion to dismiss his first claim is denied.

Defendants' motion to dismiss Calhoun's remaining claims are granted. With respect to Calhoun's claim for the return of his firearm, defendants' motion to dismiss is granted with leave to amend, as Calhoun may continue to pursue this claim if he does not receive his firearm and can identify a violation of law. However, his remaining claims are dismissed with prejudice, because the Court can conceive of no way Calhoun could cure the deficiencies in those claims.

**DISCUSSION**

**I.     False Arrest Claim Against Officer Collard**

This case stems from Officer Collard's arrest of Calhoun during the afternoon of March 12, 2013. Earlier that day, Chan, an investigator from the Contra Costa County Employment and Human Services Department, was conducting a fraud investigation at the home of Calhoun's friend, Ms. Jones. After Chan finished questioning Jones, he asked her if he could search her apartment, and Jones agreed, though Calhoun alleges that Chan coerced Jones' consent. According to the complaint's recitation of Chan's report, Chan entered a bedroom where he encountered Calhoun sitting on the bed, and Calhoun yelled out to Jones, "Who the fuck is this?", or something

2

similar. Chan then searched the bedroom closet and, when he turned back around, noticed that Calhoun had a gun on his thigh. Chan, while moving toward the bedroom door, asked Calhoun if the gun was real, indicating that if it was real he would have to leave, to which Calhoun responded by asking Chan if his badge was real and directing Chan to get the fuck out of the apartment. Chan then left the apartment and, at some point in the next several hours, reported the incident to the Hercules Police Department.  Later that afternoon, Officer Collard showed up at Jones' apartment, encountered Jones and Calhoun in the parking lot, and, after Chan positively identified Calhoun, arrested Calhoun for a violation of California Penal Code § 69, which makes it a crime for anyone "who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law." Cal. Pen. Code § 69.

Though Calhoun recites these facts in his complaint, it appears as if he may be alleging them to establish the facts as Chan reported them, rather than the facts as Calhoun believes they are, because at one point in his complaint Calhoun alleges that "Mr. Calhoun was in the final bedroom of the apartment to the far right of the door sitting at the edge of the bed trying out a video game when Mr. Chan came in looked around and left with no incident." First Amended Complaint, ¶ 5. Regardless, Calhoun has not sued Chan or the Contra Costa County Employment and Human Services Department, so what matters for Calhoun's false arrest claim against the City of Hercules and Officer Collard is not whether Chan reported the incident truthfully, but rather what information Officer Collard had at the time of the arrest. *See Garcia v. Cnty. of Merced*, 639 F.3d 1206, 1209 (9th Cir. 2011).

Calhoun's complaint provides information on this point as well, as a section of his complaint appears to recite Officer Collard's report in which Collard documents his communication with Chan:

> I asked Chan if the male subject ever made any threats with the firearm and he said no. I asked Chan if the male subject ever reached for the firearm and he said no. I asked Chan if

3

> he felt threatened by the male subject and he said yes. I asked Chan if he felt as though his safety would have been in danger if he would have continued his duties and he said yes. I asked Chan what crimes were committed by the male subject and he stated P.C. 69 and P.C. 148.

First Amended Complaint, ¶ 20. At the motion to dismiss stage, this allegation makes it plausible that Collard did not have probable cause to arrest Calhoun, depending upon further evidence about how this conversation went.  For example, one plausible interpretation of this conversation is that Collard was skeptical whether probable cause existed, to the point that he began questioning (after learning that Calhoun did not overtly threaten Chan) whether Calhoun had committed a crime. And Chan's subjective feeling that he was in danger, without more, is likely insufficient to create probable cause.  This is admittedly a close question, which itself may support an argument for qualified immunity by Collard, but no such argument was made by defense counsel in connection with the motion to dismiss.  Accordingly, the motion to dismiss Calhoun's first cause of action against Collard is denied.[2]

## II.   False Arrest Claim Against the City of Hercules

Calhoun has also sued the City of Hercules Police Department under 42 U.S.C. § 1983 in connection with his allegedly false arrest.  As the Court's earlier Order made clear, "a city is not liable for the unlawful conduct of its employees unless the employees were implementing an official policy, or acting in accordance with an official custom, when they engaged in the unlawful conduct." (Docket No. 18) *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). Calhoun alleges that the Police Department's failure to prevent the officers' unlawful conduct, and its failure to terminate them after that conduct, reflects an official custom or policy of the Police Department such that it should be liable. While these allegations are admittedly bare,

---

[2] In his complaint Calhoun also alleges that Chan's search of Jones' residence was not lawful because Chan had coerced Jones into giving him consent. But even if this allegation was true, there is no indication that Collard was aware of this fact, so it is irrelevant for the purposes of determining if Collard had probable cause to arrest Calhoun for a violation of P.C. 69.

4

the Court will not dismiss the claim against the Hercules Police Department at this time, as it is conceivable, giving this *pro se* plaintiff every possible benefit of the doubt, that Officer Collard's arrest of Calhoun, if it is proven to be a constitutional violation, was connected to a custom or practice carried out by the Hercules Police Department.

### III. Unlawful Search of Calhoun's Vehicle

Calhoun's second and third causes of action, also brought under 42 U.S.C. § 1983, relate to Detective Pesmark's search of Calhoun's vehicle in which Detective Pesmark found the firearm that Calhoun showed to Chan during Chan's investigation. According to the complaint, after Officer Collard arrested Calhoun, Detective Pesmark, with Jones' consent, searched Jones' home for Calhoun's revolver but did not find it. Detective Pesmark then went to the Police Department, asked Calhoun for consent to search his car, and, after Calhoun declined to allow the search, ordered to have Calhoun's vehicle towed for evidence. Detective Pesmark then presented a search warrant to Richmond Superior Court Judge Hiramoto, which Judge Hiramoto signed, and while searching Calhoun's vehicle Detective Pesmark found the revolver in Calhoun's backpack.

Calhoun alleges that Detective Pesmark looked into Calhoun's vehicle *before* obtaining the warrant, and then used his knowledge that the gun was in the vehicle to tailor the search warrant he presented to Judge Hiramoto. But Calhoun has not alleged sufficient facts to suggest that Detective Pesmark did this, or that Judge Hiramoto should not have granted the search warrant. The only allegation Calhoun makes in support of this theory is that Officer Collard's report indicated that Chan stated the gun was black, whereas Detective Pesmark applied for a warrant to search for a revolver that was "gray/bluish." According to Calhoun, the only way Detective Pesmark could have known the true color of his revolver is if he looked in Calhoun's vehicle ahead of time. But that ignores the fact that Chan's own report stated the gun was a "dark grey and blue revolver." First Amended Complaint, ¶ 13. Further, in an earlier incident between Jones and

Calhoun in which the Hercules Police Department had been dispatched, Jones had told the police that Calhoun had used a "blue metal revolver" during that incident. *Id.*, ¶ 26. Given the information available to Detective Pesmark, his application for a warrant to search for a "gray/bluish" revolver does not make plausible Calhoun's allegation that Pesmark searched his car before seeking the warrant. Therefore, the second and third causes of action are dismissed with prejudice.

### IV.  Return of Calhoun's Firearm

Calhoun alleges that the Hercules Police Department has refused to return his confiscated firearm, despite the fact that he followed all the procedures laid out in California Penal Code § 33850 *et seq.* and has a court order directing the Police Department to return it. However, Calhoun has not alleged any corresponding violation of state or federal law; California Penal Code § 33855 lays out the procedures that a law enforcement agency must follow before it can return a confiscated firearm, but it does not, in itself, provide a cause of action to a plaintiff who believes he is entitled to his firearm. Therefore, this allegation fails to state a claim, and defendants' motion to dismiss this claim is granted, with leave to amend. If Calhoun does not receive his firearm, and continues to believe that he has followed all procedures and is entitled to his firearm, then he can file an amended claim identifying the law that the Hercules Police Department has violated by refusing to return his firearm.

### V.  Remaining Claims

Calhoun's remaining claims are dismissed with prejudice. His fourth cause of action alleges that the officers violated his Fourteenth Amendment rights, but the Fourth Amendment, not the Fourteenth Amendment, applies to Calhoun's allegations. His fifth cause of action alleges that Officer Collard, Detective Pesmark, and Chan conspired against him in violation of 42 U.S.C. § 1985(3), but Calhoun alleges no facts to support a claim that the police officers had ever

interacted with Chan before Chan made his report to Collard, much less that they were in conspiracy with him. Calhoun's sixth cause of action alleges that the defendants failed to prevent the conspiracy against him, in violation of 42 U.S.C. § 1986, but since the allegations of a conspiracy are not sufficient the claim for failure to prevent conspiracy fails.

## VI. Defendants' Motion to Strike

The defendants' motion to strike Calhoun's demand for punitive damages against the City of Hercules is granted, as punitive damages are not recoverable against a municipality in a suit brought under 42 U.S.C. § 1983. *City of Newport v. Facts Concert, Inc.*, 453 U.S. 247, 271 (1981).

## CONCLUSION

Defendants' motion to dismiss Calhoun's 42 U.S.C. § 1983 claim for arrest without probable cause is denied, as is the motion to dismiss the claim for municipal liability based on the allegations of false arrest. Defendants' motion to dismiss Calhoun's claim related to the return of his firearm is granted, with leave to amend. Defendants' motion to dismiss all remaining claims is granted, with prejudice.  Defendants' motion to strike is granted.  At the upcoming case management conference, the parties should be prepared to discuss the possibility of limiting discovery at the outset of the case for the purpose of allowing the question of qualified immunity to be adjudicated.

**IT IS SO ORDERED.**

Dated: October 3, 2014

_____
VINCE CHHABRIA
United States District Judge

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMON CALHOUN,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY OF HERCULES POLICE DEPARTMENT, et al.,<br><br>          Defendants. | Case No. 14-cv-01684-VC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/3/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Romon Calhoun
P.O. Box 251
Richmond, CA 94808


Dated: 10/3/2014


                                        Richard W. Wieking
                                        Clerk, United States District Court

                                        By:_____
                                        Kristen Melen, Deputy Clerk to the
                                        Honorable VINCE CHHABRIA