UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMON CALHOUN,<br>　　　　Plaintiff,<br>　　v.<br>CITY OF HERCULES POLICE DEPARTMENT, et al.,<br>　　　　Defendants. | Case No. 14-cv-01684-VC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 49 |

The defendants' motion for summary judgment is granted.

<u>The Claim Against Officer Collard</u>

There is no genuine factual dispute about the information Officer Collard possessed when he decided to arrest Calhoun for violating Section 69 of the California Penal Code. Officer Collard relied on information he received from Inspector Chan during their phone conversation. No evidence in the record contradicts Collard's deposition testimony about what Chan told him or otherwise calls into question Collard's credibility. *Compare Cortez v. Skol*, 776 F.3d 1046, 1053 (9th Cir. 2015).

Calhoun argues that Collard's deposition testimony about his call with Chan is unreliable (indeed inadmissible) because Collard lacked an independent recollection of the call and merely recited facts from his police report. But the record does not indicate that Collard lacked an independent recollection. The transcript shows that Collard reviewed his report before the deposition, and there is an implication in the transcript that he reviewed the report again during his deposition. But there's nothing wrong with an officer refreshing his recollection of an incident by reviewing his report, either before or during a deposition. *See* Fed. R. Evid. 612; *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003); *United States v. Frederick*, 78 F.3d 1370, 1376-77 (9th Cir. 1996); *United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997). If, after Collard

reviewed his report, Calhoun's lawyer had asked Collard whether the report refreshed his recollection, and if Collard had said no, Collard's testimony about what he'd read in the report would not have been admissible. *United States v. Weller*, 238 F.3d 1215, 1221 (10th Cir. 2001). But Calhoun's lawyer merely asked Collard whether he independently recalled the incident *before* reviewing his report, to which Collard responded "very little." On that kind of record, without any real indication that Collard lacked an independent memory of the incident after refreshing his recollection with his report, there's no basis for concluding that his testimony about his call with Chan was unreliable or inadmissible, such that a material factual dispute exists about what took place in that conversation.[1]

Calhoun also argues that Collard was not entitled to rely solely on information from Chan because Collard had no basis for believing that Chan was reliable. But Chan was not some anonymous or otherwise unreliable informant. *Compare Stoot v. City of Everett*, 582 F.3d 910, 919-20 (9th Cir. 2009). He was a county welfare investigator who was reporting the commission of a crime against him while he attempted to perform his duties. Nothing in the record suggests that Collard should have, at the time the call took place, questioned Chan's credibility or reliability. *See, e.g., United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005); *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006). To put it another way, even if Chan lied or exaggerated in his own incident report and in his conversation with Collard about what happened at the apartment, there's no evidence in the record that would have given Collard reason to believe Chan was lying or exaggerating.[2]

Whether probable cause actually existed to arrest Calhoun for violating Section 69 based

---

[1] If Calhoun's lawyer was concerned that Collard was responding to questions merely by reading the report out loud (which Calhoun's lawyer asserted at oral argument but which is not reflected in the transcript), the lawyer might have asked Collard if he was able to put aside his report before continuing his testimony, or otherwise found a way to make a record that might have helped support a claim that Collard lacked an independent recollection.

[2] Nor, for that matter, is there any evidence in the record to support Calhoun's apparent contention that Chan lied in his own incident report but then chose to tell the truth in his phone conversation with Collard (*i.e.*, "Officer Collard, I realize I've never met you before, and I realize this guy Calhoun didn't violate Section 69, but he gave me attitude so I want you to help me trump up some charges against him.").

on what Chan told Collard is perhaps a close question. On the one hand, Chan's statements to Collard could be interpreted to mean that Calhoun didn't actually threaten Chan with violence and that Chan merely "felt" threatened from a subjective standpoint. This wouldn't have been enough for probable cause, because the statute has been interpreted to require the suspect to actually make a threat of violence. *See, e.g., People v. Iboa*, 143 Cal.Rptr.3d 143, 148 (Cal. Ct. App. 2012). On the other hand, it might have been reasonable for Collard to conclude that Calhoun did intend to threaten Chan with violence by displaying a gun on his lap and telling Chan to get out of the house, even though Calhoun didn't point the gun at Chan or otherwise utter an explicit verbal threat.

There is no case on point. The case on which Collard primarily relies involved a far more obvious threat of violence by civilians against executive officers. *Iboa*, 143 Cal.Rptr.3d at 149. But in the case on which Calhoun primarily relies, *Beck v. City of Upland*, 527 F.3d 853, 859 (9th Cir. 2008), it was equally obvious that the civilian *did not* threaten the officers with violence. This case is somewhere in the middle, and Calhoun can point to no case that would come close to compelling a conclusion that his conduct did not constitute a threat of violence within the meaning of Section 69. In other words, it was not obvious at the time of the incident (or now) that Collard lacked probable cause to arrest Calhoun for violating Section 69 based on what Chan reported, and therefore Collard is entitled to qualified immunity. *City & Cnty. of San Francisco, Cal. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015); *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011); *Pearson v. Callahan*, 555 U.S. 223 (2009).

*Monell* Liability

Even if Collard arrested Calhoun without probable cause, the City of Hercules would not be liable as a matter of law because there is no evidence that the alleged constitutional violation was pursuant to a municipal custom, policy, or practice. Calhoun's only argument on this issue is that Collard's superiors ratified his conduct by approving Collard's incident report. But Calhoun hasn't produced any evidence, or even argued, that those superiors were "policymakers" within the meaning of the *Monell* doctrine, such that their approval of the report would give rise to municipal liability. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) ("To show ratification, a plaintiff

must prove that the authorized policymakers approve a subordinate's decision and the basis for it." (quotation omitted)); *Portnoy v. City of Woodland*, 2013 WL 2156560, at *20 (E.D. Cal. May 17, 2013) *aff'd*, 2015 WL 3390311 (9th Cir. 2015).

**IT IS SO ORDERED.**

Dated: August 5, 2015


_____
VINCE CHHABRIA
United States District Judge

4